IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-41,168-11






EX PARTE CHARLES DEAN HOOD









ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NO. W296-80233-90 IN THE 366TH DISTRICT COURT

COLLIN COUNTY




 Per Curiam. COCHRAN,.J., filed a dissenting statement in which PRICE and
HOLCOMB, JJ., joined.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 On September 7, 1990, Applicant was convicted of the offense of capital murder. The
jury answered the special issues in such a manner that a sentence of death was imposed. This
Court affirmed the conviction and sentence on direct appeal. Hood v. State, No. AP-71,167
(Tex. Crim. App. Nov. 24, 1993)(not designated for publication). Applicant's initial
application for writ of habeas corpus was denied. Ex parte Hood, No. WR-41,168-01 (Tex.
Crim. App. April 21, 1999)(not designated for publication). Applicant filed a subsequent
application in the trial court on May 24, 2004. The subsequent application was dismissed. 
Ex parte Hood, No. WR-41,168-02 (Tex. Crim. App. April 13, 2005)(not designated for
publication). Applicant filed a second subsequent application on June 22, 2005. We
remanded to the convicting court for resolution of the claim. When the case was returned
to this Court, we held that Applicant, in fact, had not met the requirements of Article 11.071,
§ 5, for consideration of subsequent claims and dismissed his application. Ex parte Hood,
211 S.W.3d 767 (Tex. Crim. App. 2007). 

 On June 12, 2008, Applicant filed another subsequent application for writ of habeas
corpus and an original application for writ of habeas corpus. In the applications, Applicant
asserted that he was denied a fair trial because of an alleged romantic relationship between
the trial judge and the prosecutor that Applicant claimed was "common knowledge" at the
time of trial. We dismissed the Article 11.071 application and denied leave to file the
original application. Ex parte Hood, Nos. WR-41,168-04 & WR-41,168-05 (Tex. Crim.
App. June 16, 2008)(not designated for publication). On June 17, 2008, we denied a second
original application for writ of habeas corpus. Ex parte Hood, No. WR-41,168-06 (Tex.
Crim. App. June 17, 2008)(not designated for publication). On August 20, 2008, the clerk
of the 296th District Court forwarded a subsequent writ application to this Court as required
by Article 11.071, § 5(b). This Court dismissed the application. Ex parte Hood, No. WR-41,168-09 (Tex. Crim. App. Sept. 5, 2008)(not designated for publication). 

 On September 8, 2008, we received another subsequent writ as well as other motions
in the case. In an order issued on September 9, 2008, this Court denied a motion to recuse
and dismissed the subsequent application. We also determined that, because of
developments in the law regarding nullification instructions, it would be prudent to
reconsider the decision we issued in dismissing Applicant's second subsequent writ
application. See Ex parte Hood, 211 S.W.3d 767 (Tex. Crim. App. 2007)(issue still on
reconsideration before this Court). Accordingly, we granted his motion to stay his execution
so that we could accomplish that task.

 Applicant makes one allegation in the instant subsequent application: that he was
denied a fair trial because of a romantic relationship between the trial judge and the
prosecutor. On November 19, 2008, we remanded this cause and ordered the trial court to
gather evidence and make recommendations on two issues: (1) whether the doctrine of
laches bars the consideration of Applicant's claim; and, (2) whether Applicant meets the
dictates of Article 11.071, § 5. We have reviewed the application and the trial court's
recommendations. We find that the allegation fails to satisfy the requirements of Article
11.071, § 5(a). Accordingly, the application is dismissed as an abuse of the writ. Tex. Code
Crim. Proc. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 16TH DAY OF SEPTEMBER, 2009.


Do Not Publish